IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

UNITED STATES OF AMERICA,

Plaintiff,

v.

RICHARD LUIS MAS GARCIA,

Defendant.

CRIMINAL NO. 07-235 (JAG)

**REPORT AND RECOMMENDATION**

**I.Procedural Background**

On June 13, 2007, a grand jury returned a seven-count indictment against Richard L. Mas García (hereinafter referred to as "defendant") and two other individuals. Docket 25. In essence, in the first four counts of the indictment defendant was charged of possessing with intent to distribute five grams or more of cocaine base ("crack"), in excess of five hundred grams of cocaine, approximately one hundred five grams of heroin and approximately one hundred sixty grams of marihuana. The fifth count alleges that defendant possessed a firearm with an obliterated serial number. The last two counts contain forfeiture allegations.

Subsequently, defendant filed a motion to suppress "all evidence, direct and indirect, obtained by the POPR's[[1]] illegal conduct, including but not limited to any firearm, any controlled substances and any statement made by the defendant before and after his unlawful arrest...." Docket 57. In support of his motion, defendant alleges that the affidavit in support of the search warrant contains false information,

[1]Police of Puerto Rico.

that said affidavit lacks probable cause, and that law enforcement failed to knock and announce their presence prior to executing the search warrant.

The United States filed an opposition to defendant's motion to suppress and the matter was referred by Judge Jay García-Gregory to the undersigned for a report and recommendation. Docket 64 and 72. For the reasons stated below, the motion to suppress filed by the defendant should be DENIED.

## II. Analysis & Discussion

### A. Allegation of false statements contained in the affidavit.

In Franks v. Delaware, 438 U.S. 154 (1978), the Supreme Court set the standard regarding allegations of false statements in affidavits submitted in support of search warrants:

> [W]here the defendant makes a substantial preliminary showing that a false statement knowingly and intentionally, or with reckless disregard for the truth, was included by the affiant in the warrant affidavit, and if the allegedly false statement is necessary to the finding of probable cause, the Fourth Amendment requires that a hearing be held at the defendant's request. In the event that at that hearing the allegation of perjury or reckless disregard is established by the defendant by a preponderance of the evidence, and, with the affidavit's false material set to one side, the affidavit's remaining content is insufficient to establish probable cause, the search warrant must be voided and the fruits of the search excluded to the same extent as if probable cause was lacking on the face of the affidavit.

Id. at 155-56.[2]

To prove reckless disregard for the truth, the defendant must prove that the affiant "in fact entertained serious doubts as to the truth" of the allegations. United States v. Williams, 737 F.2d 594, 602 (7th Cir. 1984) (agreeing with United States v. Davis, 617 F.2d 677, 694 (D.C. Cir. 1979) (holding that the First Amendment definition should be applied by analogy in the Franks setting); see also Beard v.

[2]"The deliberate falsity or reckless disregard whose impeachment is permitted ... is only that of the affiant, not of any nongovernmental informant... [I]f, when material that is the subject of the alleged falsity or reckless disregard is set to one side, there remains sufficient content in the warrant affidavit to support a finding of probable cause, no hearing is required. On the other hand, if the remaining content is insufficient, the defendant is entitled, under the Fourth and Fourteenth Amendments, to his hearing." Id. at 172.

City of Northglenn, 24 F.3d 110, 116 (10th Cir. 1994) (same). Reckless disregard may be inferred "from circumstances evincing 'obvious reasons to doubt the veracity' of the allegations." Williams, 737 F.2d at 602 (citations omitted).

Defendant's motion to suppress merely contains a single footnote alleging that the statement in the affidavit filed by POPR Agent Roberto Cruz Rivera (hereinafter referred to as "Agent Cruz") indicating that important meetings of persons in the "underworld" were taking place in the location at issue is false. "There were absolutely no observations," the motions to suppress reads, "much less corroboration that these meetings were taking or had taken place, or that firearms and narcotics transactions were taking or had taken place." Docket 57 at 2 n.1. This allegation, by itself, is insufficient to warrant the holding of a hearing.

> There is ... a presumption of validity with respect to the affidavit supporting the search warrant. To mandate an evidentiary hearing, the challenger's attack must be more than conclusory and must be supported by more than a mere desire to cross-examine. There must be allegations of deliberate falsehood or of reckless disregard for the truth, and those allegations must be accompanied by an offer of proof. They should point out specifically the portion of the warrant affidavit that is claimed to be false; and they should be accompanied by a statement of supporting reasons. Affidavits or sworn or otherwise reliable statements of witnesses should be furnished, or their absence satisfactorily explained. Allegations of negligence or innocent mistake are insufficient.

Franks, supra, 438 U.S. at 171-72.

The broad claim made by the defendant regarding the alleged false statement(s) contained in the affidavit is insufficient to meet the standard for a Franks hearing. Therefore, as to this claim, the motion to suppress ought to be DENIED.

**B. Allegation that the affidavit lacks probable cause.**[3]

Defendant claims that the statements contained in the affidavit in support of the search warrant are insufficient to meet the probable cause threshold. The standard for reaching a probable cause determination has been well settled:

> It is clearly established that an affidavit serving as the basis for issuance of a search warrant "is sufficient when it 'demonstrates in some trustworthy fashion the likelihood that an offense has been committed and that there is sound reason to believe that a particular search will turn up evidence of it.' " To determine whether the government has made a sufficient showing of probable cause, we must take into account the "totality of the circumstances," and examine, *inter alia*, the veracity and reliability of any informants, and the basis of their knowledge. The affidavit must be "viewed in its entirety," and "must be given a common-sense and realistic, rather than a hypertechnical interpretation." In evaluating the sufficiency of the affidavit, we give great deference to the judicial officer who concluded prior to issuing the warrant that a sufficient showing of probable cause had been made.

U.S. v. Spinosa, 982 F.2d 620, 625-26 (1st Cir. 1992) (citations omitted).

Using the legal framework stated above as a backdrop, the court reviews the following highlights from the affidavit at issue submitted in support of the request to search the premises of the residence located at Urb. Toa Alta Heights C/30, #40, Toa Alta, Puerto Rico: On May 9, 2007, Agent Cruz received information from an informant that in the residence previously mentioned controlled substances and money derived from drug transactions were being stored. Docket 61, Ex.9, p.1. This informant, who according to Agent Cruz has provided reliable information before, also detailed that meetings were taking place at the residence to conduct the purchase and sale of weapons and controlled substances. Id. On May 13, 2007, Agent Cruz observed that in the upper level of the residence there was an individual observing with binoculars and, after consulting with his supervisor, Agent Cruz left the area where he

[3] Defendant has not attached as an exhibit to his motion to suppress the affidavit of the search warrant. Moreover, defendant has failed to attach to its motion to suppress a certified translation of the affidavit. Even though Exhibit 9 to Docket 61 contains the affidavit, once again, the same is in Spanish. Defendant's lack of compliance with Local Rule 10(b) provides an independent basis to deny his request for suppression of the evidence in controversy.

was conducting surveillance in order to avoid being detected. Id. at 2. On May 15, 2007, Agent Cruz observed an individual walking towards the residence that was carrying in his back what appeared to be a black pistol and conducting a transaction that involved several transparent, plastic bags with white powder that appeared to be cocaine. Id. On May 22, 2007, Agent Cruz observed several individuals coming in and out of the house. Id. at 2-3. Finally, on May 24, 2007, Agent Cruz, while conducting surveillance of the residence mentioned above, observed an individual walking with what seemed to be an AK-47 rifle towards a vehicle that was parked in the residence. Id. at 3. Hence, between May 9 and May 24, 2007, Agent Cruz received information from an informant that the residence was being used to store and conduct transactions of firearms and controlled substances and observed: a black pistol, an AK-47, a drug transaction, and multiple individuals and vehicles arriving and leaving the residence. Taking into account the totality of the circumstances described in the affidavit, the court is unpersuaded by defendant's argument that – primarily because of alleged lack of corroboration – the judicial officer who concluded prior to issuing the warrant that a sufficient showing of probable cause had been made had erred in his or her conclusion. Therefore, the motion to suppress should be DENIED on this ground as well.

**C. Allegation that the execution of the search warrant was invalid.**

Finally, defendant argues that the officers that executed the search warrant did not knock and announce themselves. In particular, defendant alleges that "the POPR officer[s] executing the warrant forcibly destroyed the main entrance door by breaking the glass of a French door, destroyed the iron gates, the windows and any and all entrances to the first and second level of the residence without even attempting to announce themselves to the defendant who was taking a shower at the time." Docket 57 at 20, ¶19.

Although there is a factual dispute as to whether the officers announced themselves or not, this factual controversy is an academic issue in light of the circumstances presently before the court. The affidavit being contested clearly details the presence of firearms among some of the individuals that visited the residence on May 15 and May 24, 2007. The affidavit also mentions that on May 9, 2007, the confidential informant stated that transactions of firearms and controlled substances were taking place at the house and that controlled substances were being stored in the house. Moreover, the affiant specifies in the affidavit that he saw what appeared to be a drug transaction occur on May 15, 2007. Had the officers knocked and announced themselves, the possibility of physical danger and destruction of evidence could have jeopardized not only the safety of the officers, but the execution of the search warrant itself.

The Supreme Court has addressed the knock-and-announce rule as follows:

> It is not necessary when "circumstances presen[t] a threat of physical violence," or if there is "reason to believe that evidence would likely be destroyed if advance notice were given," if knocking and announcing would be "futile." We require only that police "have a reasonable suspicion ... under the particular circumstances" that one of these grounds for failing to knock and announce exists, and we have acknowledged that "[t]his showing is not high."

Hudson v. Michigan, 126 S.Ct. 2159, 2162-63 (2006).

The officers in this case had reasonable suspicion to believe that the circumstances presented a threat of physical violence and potentially the destruction of the evidence. Thus, the motion to suppress should be DENIED on the basis of the knock-and-announce argument.

## CONCLUSION

Defendant has failed to submit more than mere conclusory allegations regarding any false statements contained in the affidavit prepared by Agent Cruz. Furthermore, said affidavit contains

sufficient information for a judicial officer to make a finding of probable cause to search the premises. Finally, in light of the potential for physical violence and destruction of evidence, the POPR officers executing the search warrant did not have to knock and announce themselves before entering the residence. Wherefore, it is recommended that the motion to suppress (Docket 57) be DENIED.

IT IS SO RECOMMENDED.

The parties have ten (10) days to file any objections to this report and recommendation. Failure to file same within the specified time waives the right to appeal this order. Henley Drilling Co. v. McGee, 36 F.3d 143, 150-151 (1st Cir. 1994); United States v. Valencia, 792 F.2d 4 (1st Cir. 1986).

In San Juan, Puerto Rico, this 26th day of November of 2007.

s/Marcos E. López
MARCOS E. LOPEZ
UNITED STATES MAGISTRATE JUDGE